IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2015-MSK

JEANNE STECKLING,

    Plaintiff,

*v*.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

**OPINION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

**THIS MATTER** comes before the Court on the Plaintiff's Complaint (**# 1**), the Plaintiff's Opening Brief (**# 17**), the Defendant's Response (**# 18**), and the Plaintiff's Reply (**# 21**). For the following reasons, the Commissioner's decision is reversed and the matter is remanded for further proceedings.

## I.    JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g).

## II.    BACKGROUND

**A.   Procedural History**

Jeanne Steckling seeks judicial review of a final decision by the Commissioner denying her claim for disability insurance benefits (DIB) under the Social Security Act. In October 2012, Ms. Steckling filed for DIB, claiming she became disabled in October 2011, as amended. Tr. at 30, 184–85. Her application was denied at all administrative levels and she now appeals to this Court

pursuant to 42 U.S.C. § 405(g).

**B.    Factual Background**

At the time of her alleged onset of disability, Ms. Steckling was 49 years old.   Tr. at 184. She was previously employed as a waitress, test grader, customer service representative, warehouse worker, and dishwasher.   Tr. at 18.   Ms. Steckling has bipolar disorder and some physical impairments.   The Court summarizes only the medical evidence relevant to its decision.

Dr. Patricia Schniedwind evaluated Ms. Steckling in April 2013 and completed a mental examination.   Tr. 442–50.   Dr. Schniedwind diagnosed Ms. Steckling as suffering from bipolar disorder and cognitive disorder, and observed that her cognitive functions had declined from what they used to be.   Tr. at 450.   Dr. Schniedwind opined that Ms. Steckling's visual memory was much stronger than her auditory memory, which was at the "very bottom for her age" and indicated substantial impairment in processing orally presented information.   Tr. at 445.   Though her ability to maintain regular attendance and perform at a consistent pace without breaks was not impaired, Dr. Schniedwind found that her ability to understand and remember instructions was impaired with regard to oral instructions, as well as her ability to remember and sustain concentration.   Tr. at 450.   Dr. Schiedwind supposed that her ability to accept instruction and handle criticism from supervisors could be impaired, but not her ability to interact with the general public.   Tr. at 450.

State Agency physician Anne Naplin reviewed the medical record in May 2013.   Tr. at 99–105.   She opined that Ms. Steckling can follow simple instructions, sustain ordinary routines, and make simple work-related decisions, but cannot work closely with supervisors.   Tr. at 105. Dr. Naplin thought that Ms. Steckling could accept supervision if contact is infrequent.   Tr. at 105.

## C. ALJ's Decision

In March 2015, the ALJ issued a decision unfavorable to Ms. Steckling. At step one, she found that Ms. Steckling had not engaged in substantial gainful activity since October 1, 2012. Tr. at 12. At step two, the ALJ found that Ms. Steckling had the following severe impairments: bipolar disorder, left ankle degenerative joint disease, attention deficit disorder, and a cognitive disorder not otherwise specified. Tr. at 13. At step three, she found that Ms. Steckling did not have an impairment that met or medically equaled the presumptively disabling conditions listed in 20 C.F.R. Part 404, Appendix 1. Tr. at 13. The ALJ further found that Ms. Steckling had the residual functional capacity (RFC) to perform light work with the following limitations: she can frequently lift and carry 10 pounds and 20 pounds occasionally; she can stand or walk for six hours in an eight-hour workday; she can sit for six hours, occasionally climb ladders, and frequently climb stairs; she has no limitation in ability to balance, stoop, or kneel; she can frequently crouch or crawl; she can understand, remember, and carry out simple instructions that can be learned and mastered in 30 days; she can maintain concentration, persistence, and pace necessary to perform such tasks over a normal workweek; she can tolerate social interactions that are typical of an unskilled workplace; and she can plan and fulfill simple goals and can travel and avoid simple work hazards. Tr. at 14–15. At step four, the ALJ found that Ms. Steckling was unable to perform any of her past relevant work. Tr. at 18. At step five, the ALJ concluded that, considering Ms. Steckling's age, education, work experience, and RFC, she could perform the following jobs in the national economy: cashier II, fast-food worker, and retail marker. Tr. at 19. In crafting Ms. Steckling's RFC, the ALJ gave great weight to both Dr. Schniedwind's opinion and Dr. Naplin's opinion.

## III. STANDARD OF REVIEW

Though the Court's review is de novo, the Court must uphold the Commissioner's decision if it is free from legal error and the Commissioner's factual findings are supported by substantial evidence. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). Substantial evidence is evidence a reasonable person would accept to support a conclusion, requiring "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may not reweigh the evidence, it looks to the entire record to determine if substantial evidence exists to support the Commissioner's decision. *Wall*, 561 F.3d at 1052.

## IV. DISCUSSION

The RFC is an assessment, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite her impairments. 20 C.F.R. § 404.1545(a). It is the most that a claimant is able to do despite her physical and mental limitations, and is considered by the ALJ, along with the claimant's age, education and work experience, in determining whether the claimant can work. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a). In determining the RFC, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. 20 C.F.R. § 404.1523; SSR 96-8p, 1996 WL 374184 at *5 (July 2, 1996).

Ms. Steckling contends that the RFC is not supported by substantial evidence because it does not contain any restriction regarding contact with supervisors or ability to follow oral instructions as detailed in the opinions of Drs. Schniedwind and Naplin, which the ALJ gave great weight. This situation is similar to that of *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). In *Haga*, the RFC contained restrictions consistent with medical opinions but inexplicably rejected other restrictions from the same opinions. The Tenth Circuit remanded the case because it the

ALJ had not explained why he adopted some restrictions but not others. *Id*. at 1207–08.

Here, the ALJ's reasoning is not as opaque as the ALJ in Haga, but it is murky enough to make remand appropriate. Though the ALJ gave the medical opinions great weight, it is unclear whether the phrase "[s]he can tolerate social interactions that are typical of [an] unskilled workplace" contemplates limited contact with supervisors, which both Drs. Schniedwind and Naplin opined Ms. Steckling is limited in. It is also unclear whether the phrase "simple instructions that can be learned and mastered in 30 days" excludes oral instructions, which Dr. Schniedwind stated Ms. Steckling had difficulty remembering. Although the Court does not insist on technical perfection in the ALJ's Decision, the Court must be able to follow the ALJ's reasoning. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). In light of *Haga*, the Court must remand this matter to the ALJ for further explanation of her use of the medical opinions and how she reached the mental limitations placed on Ms. Steckling's RFC.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED AND REMANDED** for proceedings consistent with this opinion. The Clerk shall enter a judgment in conformance herewith.

Dated this 13th day of November, 2017.

BY THE COURT:

_____
Marcia S. Krieger
United States District Court

5